UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELLIOTT KENNEDY, for himself and
on behalf of those similarly situated

      Plaintiff,

v.                                    Case No:   2:15-cv-476-FtM-29CM

SIMON'S LAWN CARE, INC. and
A.J. SIMON,

      Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 26) filed on December 30, 2015.  The parties provided copies of the Settlement Agreements for the Court's review.  Docs. 26-1, 26-2.  The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claims.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA.  *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  There are two ways for a claim under the FLSA to be settled or

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.  **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In this case, Plaintiffs were employed by Defendants as landscaping employees. Docs. 1 at 3, 9-1. Plaintiffs claimed that they were paid a flat daily rate regardless of how many hours they worked. *Id.* Plaintiff Elliott Kennedy, on behalf of himself and all others similarly situated, brought this action seeking damages for unpaid overtime wages, liquidated damages, and attorney's fees and costs. Doc. 1 at 1. Plaintiff Patrick M. Vaught, who has not yet reached the age of majority, later

joined in the action through his parent and natural guardian Thomas Vaught.  Docs. 9, 9-1.  In their response, Defendants deny all liability and have asserted several affirmative defenses.  Doc. 17.  Furthermore, Defendants maintain that Plaintiffs did not work the hours as claimed, and Plaintiffs have been fully compensated for all hours worked.  Doc. 26 at 2.  The parties have engaged in settlement discussions since the inception of this action in August 2015.  *Id.*  As a reasonable compromise of disputed issues, Defendants agreed to pay Kennedy $7,000.00 "in consideration for his underlying claims for alleged unpaid overtime compensation, and liquidated damages as part of the dismissal of all [n]amed Plaintiff's claims, as well as consideration for a general [mutual] release."  Docs. 26 at 2-3, 26-1 at 2.  Similarly, Defendants agree to pay Vaught $5,000.00 "in consideration for his underlying claims for alleged unpaid overtime compensation, and liquidated damages as part of the dismissal of all Opt-In Plaintiff's claims, as well as consideration for a general [mutual] release."  Docs. 26 at 3, 26-2 at 2.  The payments represent "wages, an equal amount as liquidated damages, and the compromise of Plaintiff's claims for overtime compensation."  Docs. 26-1 at 2, 26-2 at 2.  Because the parties agreed to settle before Plaintiffs answered the Court's interrogatories, the Court does not have the benefit of Plaintiffs' answers to assist it in evaluating the reasonableness of their settlement.  The Court, however, accepts the parties' representations, as discussed herein.

Plaintiffs are represented by independent counsel, "with experience in labor and employment law," and with an obligation to vigorously represent clients.  Doc.

26 at 6. Furthermore, Vaught, a minor, also was represented by his parent and legal guardian, Thomas Vaught, who signed the agreement alongside his son. Doc. 26-2 at 4. *See* Fed. R. Civ. P. 17(c)(1) (A general guardian may sue on behalf of a minor.) The parties represent that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendants to evaluate their claims and defenses. *Id.* at 5. According to the parties, [a]fter exchanging comprehensive information and records, and engaging in settlement negotiations since August 2015, and in order to avoid the uncertainties and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiffs receiving substantial recovery." *Id.* The parties submit that the proposed agreements are fair and reasonable given the uncertainties of litigation and the possibility that Plaintiffs may have recovered significantly less if Defendants succeeded in their defenses. Doc. 26 at 3.

Based on the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court finds the proposed settlement to be a fair and reasonable compromise of the dispute. Other courts in this district similarly have approved settlements for a compromised amount in light of the strength of the defenses, the complexity of the case, and the expense and length of continued litigation. See e.g., *Diaz v. Mattress One, Inc.*, No. 6:10–cv–1302–Orl–22DAB, 2011 WL 3167248 (M.D. Fla. July 15, 2011); *see also Dorismond v. Wyndham Vacation Ownership, Inc.*, No. 6:14–cv–63–Orl–28GJK, 2014 WL 2861483 (M.D. Fla. June 24, 2014).

As part of the settlement, Defendants further agree to pay Kennedy $4,000.00 for attorney's fees and costs, and Vaught $4,000.00 for attorney's fees and costs. Docs. 26-1 at 2, 26-2 at 2. The parties assert that the amount of attorneys' fees was negotiated separately from the Plaintiffs' recovery and did not affect the amount of the Plaintiffs' recovery. Doc. 26 at 3-4, 6. The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorneys' fees and costs were agreed upon separately and without regard to the amount paid to the Plaintiffs. Thus, having reviewed the settlement agreements (Docs. 26-1, 26-2), the Court finds the proposed monetary terms of the settlement to be a fair and reasonable compromise of the dispute.

The Court notes that the parties have included mutual general releases of claims in both Plaintiffs' settlement agreements. Docs. 26-1 at 3; 26-2 at 3. In FLSA cases, general releases are typically disfavored because "a pervasive release in

an FLSA settlement confers an uncompensated, unevaluated, and unfair benefit on the employer." *Moreno v. Regions Bank*, 729 F.Supp.2d 1346, 1352 (M.D. Fla. 2010) (holding that the proposed FLSA settlement agreement was unfair and precludes evaluation of the compromise because of the pervasive and unbounded scope of the release). Other courts within this district have approved general releases in FLSA cases when the plaintiff receives compensation or other consideration that is separate and apart from the benefits to which plaintiff is entitled under the FLSA. *Weldon v. Backwoods Steakhouse, Inc.*, 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (approving a settlement agreement that contained a general release and non-disparagement agreement because they were exchanged by a separate payment in addition to the sum the employee would receive from the FLSA settlement); *Buntin v. Square Foot Management Company, LLC*, 6:14–cv–1394–Orl–37GJK, 2015 WL 3407866, at *2 (M.D. Fla. May 27, 2015) (approving a settlement agreement that contained a general release because it was exchanged by a mutual general release and a neutral reference by employer); *Vergara v. Delicias Bakery & Rest., Inc.*, No. 6:12–cv–150–Orl–36KRS, 2012 WL 2191299, at *2–3 (M.D.Fla. May 31, 2012), report and recommendation adopted, 2012 WL 2191492 (M.D.Fla. Jun.14, 2012) (approving settlement where general release by employee was exchanged for a mutual release by employer); *Capers v. Noah's Ark Repair Serv., Inc.*, No. 6:11-CV-457-ORL-28TB, 2013 WL 3153974, at *1 (M.D. Fla. June 19, 2013) (approving settlement where general release by employee was exchanged for a mutual release by employer).

In this case, the parties assert that they are aware that the Court is hesitant to approve general releases in FLSA settlement agreements, but aver that

> separate consideration has been negotiated for the general release from Plaintiffs, and the mutual general release secured on both sides is important to all Parties, to ensure that there is no additional litigation between the Parties, including any claims by Defendants against Plaintiffs.

Doc. 26 at 6. While the parties have not broken down the payments to disclose the amounts paid in addition to the sum for the FLSA claims, based on the parties' representations, the foregoing authority, and the mutual nature of the releases, the Court finds that the general releases were supported by independent consideration. Under these circumstances, therefore, the Court finds that the settlement agreements are fair and reasonable.

ACCORDINGLY, it is hereby

**RECOMMENDED:**

1. Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. 26) be **GRANTED** and the Settlement Agreements (Docs. 26-1, 26-2) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** this action with prejudice and the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 25th day of February, 2016.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record