UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELLIOTT KENNEDY, for himself and on behalf of those similarly situated,

    Plaintiff,

v.                                    Case No: 2:15-cv-476-FtM-29CM

SIMON'S LAWN CARE, INC., a Florida profit corporation and A.J. SIMON, individually,

    Defendants.

### OPINION AND ORDER

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #27), filed February 25, 2016, recommending that Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice be granted. No objections have been filed and the time to do so has expired.

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo*, Garvey v. Vaughn, 993 F.2d 776, 779 n.9

(11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions *de novo*, even in the absence of an objection.  See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

After conducting an independent examination of the file and upon due consideration of the Report and Recommendation, the Court accepts the Report and Recommendation of the magistrate judge. The settlements as to the only two plaintiffs in this action provide full and final relief to the plaintiffs, mooting the pending Motion to Conditionally Certify FLSA Collective Action. (Doc. #10).  Genesis Healthcare Corp. v. Symczyk, 133 S. Ct. 1523, 1529-30 (2013)("the mere presence of collective-action allegations in the complaint cannot save the suit from mootness once the individual claim is satisfied"; "even if respondent were to secure a conditional certification ruling on remand, nothing in that ruling would preserve her suit from mootness").

Accordingly, it is now

   **ORDERED:**

1.  The Report and Recommendation (Doc. #27) is hereby **adopted** and the findings **incorporated** herein.

2. The parties' Joint Motion to Approve Settlement Agreement and Stipulation for Dismissal with Prejudice (Doc. #26) is **granted** and the Settlement Agreements and General Releases (Docs. ##26-1, 26-2) are approved as a fair and reasonable resolution of a bona fide dispute.

3. Plaintiff's Motion to Conditionally Certify FLSA Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law (Doc. #10) is **denied as moot.**

4. The Clerk shall enter judgment **dismissing** the case with prejudice, terminate all deadlines and motions, and close the file.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of March, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
United States Magistrate Judge

Counsel of Record
Unrepresented parties